■ In the Matter of the Claim of HELEN MOORE, Appellant, v. WASSAIC SALES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This appeal by the claimant is from a decision of the Workmen's Compensation Board that "the claimant was hired as a domestic worker and was not an employee of Wassaic Sales." The claimant was hired as a substitute for the regular housekeeper, who was on vacation, to work for Mr. and Mrs. William P. Smith. While the testimony of the claimant was somewhat equivocal, in response to a question as to her daily wage and her work, she stated: "It isn't exactly housework. I don't go for housework, I go for companion and convalescent cases. I don't go in for housework because it is too heavy for me". She further stated that on occasions she received phone calls, took messages and assisted customers of Wassaic Sales on behalf of her employer, who was the general manager of Wassaic Sales. The board considering this testimony and the record as a whole, could and did find her employment was that of a domestic and caring for Mr. Smith's invalid wife. The fact that there was an office and the claimant received calls and attended to other details would not necessarily make her an employee of Wassaic Sales. Mr. Smith testified that the claimant was hired as a substitute for the regular housekeeper and that she was to do "Anything that came into the house to be attended to; business, collections, take care of my wife, cooking, anything". Under such circumstances, the board was not bound to find that the employer of the claimant was Wassaic Sales. The issue was factual and there is substantial evidence to sustain the finding that the claimant was a domestic. There was considerable testimony as to when the claimant was put on the payroll of Wassaic Sales. It is not disputed that the regular housekeeper was never on the payroll of Wassaic Sales until after this particular accident. The testimony is that the claimant was put on the payroll in July — the accident happened on July 15 — and the board could readily find from a review of this particular testimony that being placed on the payroll of Wassaic Sales took place following the accident. It was a question of credibility within the sole province of the board. The appellants rely upon *Matter of Sabre* v. *Marie Sheridan, Inc.* (6 A D 2d 953) but in that case the board found that there was a relationship of employer and employee against the noninsured employer and we reversed and remitted on the question of that relationship. Here, the board did not reach the question of employer-employee relationship but dismissed the claim on the finding that the claimant was a domestic worker. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.